IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| K.A., by and through her Next Friend B.W. individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>CHILDREN'S MERCY HOSPITAL,<br><br>        Defendant. | Case No. 4:18-cv-514 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1453, Defendant Children's Mercy Hospital ("CMH") hereby removes this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri. As grounds for removal, CMH states as follows:

### Jurisdiction

1. The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332(d), and the case is removable under § 1453, in that it is a putative class action with minimal diversity, more than 100 members, and more than $5,000,000 at issue exclusive of interest and costs.

2. The Civil Cover Sheet is attached to this Notice as **Exhibit A**.

### Factual Background

3. This action is a class action lawsuit pending in the Circuit Court of Jackson County, Missouri, styled *K.A. ex rel. B.W. v. Children's Mercy Hospital*, Case No. 1816-

CV13515.  A complete copy of the file from the Jackson County case is attached to this Notice. Specifically, attached as **Exhibit B** is a copy of the Petition; attached as **Exhibit C** is a copy of the current docket and all filings in the state-court proceeding.

4.  Plaintiff's Petition generally alleges that an employee placed certain patient information on a website (not owned or authorized by CMH), which lacked security controls that met CMH's standards.  Ex. B, ¶ 11.  Plaintiff alleges five separate causes of action against CMH for this occurrence.

5.  Plaintiff purports to bring these causes of action on her own behalf and on behalf of a class of individuals.  *See* Ex. B, ¶ 23.  There are approximately 5,512 individuals in the putative class defined by Plaintiff.

6.  In addition to seeking certification of the putative class, Plaintiff's Petition requests the following relief on behalf of herself and the putative class members:  a declaration "that Children's Mercy has violated the Missouri Merchandising Practices Act, codified at Mo. Rev. Stat. §§ 407.010 *et seq.*"; a declaration "that Children's Mercy has violated its fiduciary duties to Plaintiff and the Class"; "an order awarding to Plaintiff and the Class damages in an amount to be proven at trial, including punitive damages, together with pre-trial and post-trial interest"; "an order awarding Plaintiff and the Class restitution, disgorgement, or other equitable relief as the Court deems proper, including corrective notice"; "an order enjoining Children's Mercy from continuing to engage in the unlawful business practices alleged herein"; and "an order awarding Plaintiff and the Class reasonable attorneys' fees and costs of suit, including expert witness fees." Ex. B, p. 13-14.

**Grounds for Removal**

7. A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the action. 28 U.S.C. § 1441. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), part of the Class Action Fairness Act ("CAFA").

8. CAFA did not alter the rule that the removing party bears the burden of proof by a preponderance of the evidence. *Westerfeld*, 621 F.3d at 822. "Once CAFA's initial jurisdictional requirements have been established . . . the burden shifts to the party seeking remand." *Id.*

9. This action is a "class action" under CAFA because it a "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. §§1453(a), 1332(d)(1)(B). Plaintiff brings her class claims "[u]nder Rule 52.08 of the Missouri Supreme Court Rules," *see* Ex. B, ¶ 23; and "[Federal] Rule 23 and [Missouri] Rule 52.08 are essentially identical." *Dale v. DaimlerChrysler Corp*, 204 S.W.3d 151, 161 (Mo. Ct. App. 2006).

10. Removal of a putative class actions under CAFA is proper if three elements are satisfied: (1) there are one hundred (100) or more members in the proposed class; (2) there is minimal diversity (*i.e.*, at least one member of the proposed class is a citizen of a State different from any Defendant); and (3) the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00. *See* 28 U.S.C. § 1332(d)(2), (5), and (6). *See also Grawitch v. Charter Communications, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014). This action satisfies all of these requirements.

a. <u>The Proposed Class Consists of 5,512 Individuals.</u>  Plaintiff's proposed class includes all patients whose information was placed on the website discovered by CMH in March 2017.  Ex. B, ¶ 23.  Plaintiff alleges that she received a letter from CMH notifying her of this issue (Ex. B., ¶ 13); indeed, CMH sent notice to 5,512 individuals.  Thus, CAFA's 100-class member requirement is satisfied.

b. <u>There is Minimal Diversity Between the Class Plaintiffs and CMH.</u>  CMH is a citizen of Missouri.  Ex. B, ¶ 2 ("Defendant Children's Mercy Hospital is a health care provider operating in and organized under the laws of the state of Missouri with its principal place of business at 2401 Gillham Road, Kansas City, Missouri 64108.").  As discussed, the putative class members are those whose information was on the website.  Defendant mailed notice to potentially affected individuals to addresses in multiple states.  Thus, many of the proposed class members are citizens of other states.  Minimal diversity therefore exists.

c. <u>The Aggregated Claims of the Putative Class Members Exceed $5 Million Dollars.</u>  Plaintiff requests the following relief, which, aggregated across the putative 5,512-member class, places more than $5,000,000 in controversy, exclusive of interest and costs[1]:

  i. <u>Damages:</u>  Plaintiff does not specify the amount of actual damages sought, but under these circumstances Defendant is permitted to provide an estimate of Plaintiff's claimed damages by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009).

---

[1] To be clear, CMH in no way concedes that any of this relief is available, much less appropriate in this case.  To the contrary, Plaintiff and the putative class members are not entitled to any damages on the theories alleged in the Petition.  For purposes of the removal analysis, however, CAFA requires that $5,000,000 be placed into controversy by the *allegations* asserted in the Petition.

4

Plaintiff alleges that she and the putative class members "are at a heighted risk for future identity theft." Thus, one way to reasonably estimate the value of the claimed damages based on the vague allegations in the Petition is to estimate the reasonable value of credit monitoring to compensate Plaintiff and the putative class for the alleged "heighted risk for future identity theft." Although Defendant disputes that monitoring for a future harm is a compensable damage, for purposes of an estimation of the amount placed in controversy by Plaintiff, one common provider of credit monitoring—LifeLock—offers their mid-tier plan for $19.99 per month (notably, their more robust plan is $29.99 per month). Three years of this monitoring for the putative class, alone, would place in controversy $3,966,656.

Further, Plaintiff claims that she and the putative class "paid more for privacy and confidentiality than they otherwise would have," and "paid for privacy protections that they did not receive." While these nebulous concepts are unquantified in the Petition, assigning a nominal value of $100 to this theory places in controversy an additional $551,200.

Additionally, Plaintiff claims that she and the putative class suffered "loss of privacy, confidentiality, embarrassment, humiliation, [and] loss of enjoyment of life." Ex. B, ¶ 46. While these concepts are also nebulous and unquantified in the Petition, assigning a value of $100 to these theories places in controversy an additional $551,200.

    ii.  <u>Rescission, Restitution, and Disgorgement</u>: Plaintiff did not limit her damages demanded in the Petition to those described above, however. Rather, she also requests rescission, which (though undefined) presumably seeks rescission of a

full contractual relationship between CMH and the patient, assuming such a relationship exists. Due to the amount in controversy already established, the Court likely will not even need to consider the potential rescission damages to reach CAFA's $5,000,000 threshold. In any event, given the type of medical services provided to the patients in the putative class, of which Plaintiff alleges she is typical, even if CMH attributed a very conservative estimate of the amount of money billed on behalf of each putative class member for medical services of $2,000, that amount would increase the amount in controversy by $11,024,000.

    iii.    <u>Attorney's Fees</u>: Plaintiff also seeks to recover her attorney's fees, which are included to determine the amount in controversy under CAFA. *See Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099-CV-W-DW, 2012 WL 12951921, at *1 (W.D. Mo. July 10, 2012) (citing *Hartis v. Chi. Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009)). Notably, statutory attorneys' fees are available under the Missouri Merchandising Practices Act. RSMo § 407.025.1. When evaluating attorneys' fees for amount-in-controversy purposes, 33% provides a guidepost of potential recoverable fees. *See Harrington Enterprises, Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1201 (W.D. Mo. 2013). Here, 33% of only the credit-monitoring damages discussed in Paragraph 18(i) above totals $1,308,996. Together with the credit-monitoring damages of $3,966,656, CAFA's jurisdictional threshold is more than satisfied.

    iv.    <u>Punitive Damages</u>: Finally, Plaintiff seeks punitive damages. *See* Ex. B, at 13. She specifically pleads them on her statutory claim under the MMPA (*id.* at 9), which includes a provision for potential punitive damages (§ 407.025.1 RSMo), as

well as on her common-law claim for breach of fiduciary duty (Ex. B, at 10). Courts must consider a potential punitive damage award when determining whether CAFA's amount in controversy requirement is satisfied. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013). Because the amounts in controversy described above more than satisfy CAFA's threshold, the amount of punitive damages likely need not be considered. If it does, however, any single-digit multiplier, *see BMW of North America v. Gore*, 517 U.S. 559 (1996), would only further exceed CAFA's threshold. *See Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *1 (W.D. Mo. Feb. 14, 2008) (denying remand under CAFA on an MMPA claim that required a punitive-damages multiplier of 6.7x).

11. Based on Plaintiff's allegations, requested relief, and matters known to CMH, Plaintiff's proposed class claims place in controversy an amount exceeding CAFA's $5,000,000 jurisdictional threshold. Because there is a more than 100 putative class members, minimal diversity, and an amount in controversy exceeding $5,000,000, exclusive of interest and costs, CMH has removed this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1453.

## **Procedural Compliance**

12. The filing of this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is within thirty (30) days of receipt by CMH, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which this action is based.

13. The Circuit Court of Jackson County Missouri is situated within the geographic area comprising the Western District of Missouri, so venue is proper in this District.

7

Case 4:18-cv-00514-RK   Document 1   Filed 07/06/18   Page 7 of 10

14. Promptly upon filing this Notice of Removal, CMH shall give written notice of the filing to Plaintiff as required by law. CMH is concurrently filing a notice attaching this Notice of Removal with the Circuit Court of Jackson County, Missouri, where this action was originally filed.

15. Pursuant to 28 U.S.C. § 1446(a), copies of the current state case docket sheet, each pending motion, petition, and related response, reply, and brief (none are pending), and all process, pleadings, and orders served upon Defendant in the state case are attached hereto as Exhibit C.

WHEREFORE, Defendant CMH removes the State Court Class Action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Dated this 6th day of July, 2018.	Respectfully submitted,

/s/ Martin M. Loring
MARTIN M. LORING	MO# 29712
MICHAEL T. RAUPP	MO# 65121
MICHAEL R. OWENS	MO# 67002
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
martin.loring@huschblackwell.com
michael.raupp@huschblackwell.com
michael.owens@huschblackwell.com

CASIE D. COLLIGNON   *pro hac vice pending*
MATTHEW C. BAISLEY *pro hac vice pending*
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
Telephone (303) 861-0600
Facsimile (303) 861-7805
ccollignon@bakerlaw.com
mbaisley@bakerlaw.com

**ATTORNEYS FOR DEFENDANT
CHILDREN'S MERCY HOSPITAL**

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, a true and correct copy of the foregoing was served via United States mail, postage prepaid, upon:

Maureen M. Brady
Lucy McShane
MCSHANE & BRADY, LLC
1656 Washington, Suite 120
Kansas City, Missouri 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

Anne Schiavone
HOLMAN SCHIAVONE LLC
4600 Madison, Suite 810
Kansas City, MO 64111
Telephone: (816) 283-8738
Facsimile: (816) 283-8739
aschiavone@hslawllc.com

**ATTORNEYS FOR PLAINTIFFS**

and I also filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Martin M. Loring
**Attorney for Defendant**