**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| K. A., by and through her Next Friend B.W. individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.<br>) Div.<br>) |
| CHILDREN'S MERCY HOSPITAL,<br>Serve Registered Agent:<br>Registered Agent LTD<br>2345 Grand Blvd.<br>Kansas City, MO 64108 | ) **CLASS ACTION PETITION**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| Defendant. | ) |

## CLASS ACTION PETITION

Plaintiff K. A. ("Plaintiff"), by and through her Next Friend and Natural Mother B.W., on behalf of herself and as a representative of all others similarly situated, submits the following Petition against Defendant Children's Mercy Hospital ("Defendant" or "Children's Mercy"). In support of her Petition, Plaintiff respectfully submits the following:

## PARTIES

1. Plaintiff K.A. is a minor child who resides with her Natural Mother and Next Friend Britney Walker in Independence, Jackson County, Missouri.

2. Defendant Children's Mercy Hospital is a health care provider operating in and organized under the laws of the state of Missouri with its principal place of business at 2401 Gillham Road, Kansas City, Missouri 64108.

1

# Exhibit B

3. Defendant Children's Mercy can be served through its Registered Agent: Registered Agent LTD, 2345 Grand Blvd., Suite 2800, Kansas City, MO 64108.

## JURISDICTION AND VENUE

4. This Court has general jurisdiction under Mo. Rev. Stat. § 478.220.

5. Venue is proper in Independence, Jackson County, Missouri because Plaintiff resides in Independence, Jackson County, Missouri; Defendant's principal place of business is in Jackson County, Missouri; and the events complained of herein took place in Jackson County, Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Defendant is a health care provider pursuant to state and federal law, providing health care and medical services to the general public. Defendant operates a healthcare facility at 2401 Gillham Road, Kansas City, Jackson County, Missouri.

7. As a health care provider, Defendant generates and stores patient medical records and information.

8. Patient medical records, including Plaintiff's medical records, contain highly sensitive and personal information concerning patients' care, treatment, and identification.

9. Defendant is required to maintain the strictest privacy and confidentiality of patient medical records.

10. Defendant posts its privacy practices online, stating:

**Our Responsibilities**
Children's Mercy Hospital is required to:

- Keep your child's health information private
- Provide you with a notice (this document) of the hospital's legal duties and privacy practices with respect to information it collects and maintains about your child
- Follow the terms of this notice

# Exhibit B

> - Notify you if the hospital is unable to agree to a limit requested by you on the use or disclosure of your child's health information
> - Try to meet reasonable requests you may have to communicate health information by other means or at other locations
>
> The hospital reserves the right to change its practices and to be sure the new practices keep all health information safe. Should the hospital's health information practices change, it will post a revised notice on its web page (www.childrensmercy.org <>), throughout its facilities, and will have copies available for you to take with you. The hospital will apply any changes to all health information regardless of when created or received.
>
> The hospital will not use or disclose your child's health information without your or your child's permission, except as described in this notice or allowed by law

https://www.childrensmercy.org/HealthInformationPractices/

11. On or about March 2017 a website, owned and maintained by Defendant Children's Mercy Hospital, was created by an employee of Defendant without the authorization of Plaintiffs.

12. According to Defendant, the information contained on the website includes, but is not limited to, patients' names, dates of birth, phone numbers, appointment dates, medical records, account numbers, and diagnoses.

13. On or about May 19, 2017, several months after the breach, Plaintiff received a letter from Defendant notifying her of the breach.

14. Defendant has a duty to its patients to protect them from wrongful disclosures.

15. As a health care provider, Defendant is required to train and supervise its employees regarding the policies and procedures as well as the State and Federal laws for safeguarding patient information.

16. On or about June 23, 2015, over two years before the allegations in this lawsuit, Defendant had a similar breach involving the wrongful disclosure of patient records.

3

17. The June 2015 disclosure was the subject of litigation in the Circuit Court of Jackson County, Missouri, in a case styled, *F.T. by and through her Next Friend C.T., et al. v. Children's Mercy Hospital*, Case No. 1616-CV01466.

18. The *F.T.* suit had similar issues to the instant matter and the allegations focused on Defendant's failure to take affirmative steps to protect against further disclosure.

19. In the instant case, Defendant failed to take any affirmative steps to secure its patients' privacy and prevent its employees unauthorized access to patient records and posting of the same on the world wide web.

20. As a result of the breach, Plaintiff and members of the Class are at a heightened risk for future identity theft.

21. Moreover, because of Defendant's conduct, Plaintiff and members of the Class have been harmed in that they (1) paid more for privacy and confidentiality than they otherwise would have, and (2) paid for privacy protections that they did not receive. In that respect, Plaintiff and members of the Class have not received the benefit of their bargain and have suffered an ascertainable loss.

22. Additionally, because of Defendant's conduct, Plaintiff and members of the Class have been harmed in that Defendant has breached its common law fiduciary duty of confidentiality owed to Plaintiffs and members of the Class.

## CLASS ACTION ALLEGATIONS

23. Under Rule 52.08 of the Missouri Supreme Court Rules, Plaintiff brings this action on behalf of herself and the following proposed Class:

> Patients of Children's Mercy Hospital whose personal information was included in the website created by an employee of Defendant in March 2017.

Electronically Filed - Jackson - Independence - May 25, 2018 - 09:33 AM

24. Excluded from the Class are Defendant, any affiliate, parent, employee or subsidiary of Defendant; any officer, director, or employee of Defendant; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

25. This action has been brought and may be properly maintained as a class action under Missouri Supreme Court Rule 52.08.

26. **Numerosity of the Class – Rule 52.08(a)(1).** Class members are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses can be obtained from information and records in Defendant's possession and control. Class members may be notified of the pendency of this action by mail or by published notice or other appropriate methods.

27. **Existence and Predominance of Common Questions of Law and Fact – Rule 52.08(a)(2); 52.08(b)(3).** Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, each of which may also be certified under Rule 52.08(c)(4), include the following:

   a. Whether Defendant's conduct violated the Missouri Merchandising Practices Act;

   b. Whether Defendant breached its fiduciary duties to Plaintiff and the Class;

   c. Whether Defendant breached its contract with Plaintiff and the Class;

   d. Whether Defendant acted negligently with respect to Plaintiff and the Class;

Electronically Filed - Jackson - Independence - May 25, 2018 - 09:33 AM

**Exhibit B**

  e. Whether Plaintiff and the other Class members are entitled to equitable relief, including declaratory relief, restitution, rescission, a preliminary and/or a permanent injunction;

  f. Whether Plaintiff and the other Class members are entitled to damages, including punitive damages, and/or other monetary relief; and

  g. Whether this case may be maintained as a class action under Rule 52.08.

28. **Typicality – Rule 52.08(a)(3).** Plaintiff's claims are typical of the claims of the Class because she was a patient at Children's Mercy, and her personal information was included in the container that was stolen from a Children's Mercy employee's vehicle. Moreover, Plaintiff and the Class sustained similar injuries as a result of Defendant's uniform conduct and their legal claims all arise from the same policies and practices of Defendant.

29. **Adequacy of Representation – Rule 52.08(a)(4).** Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff will prosecute this action vigorously. Plaintiff has no interests adverse or antagonistic to those of the Class.

30. **Superiority – Rule 52.08(b)(3).** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are small compared with the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

6

Case 4:18-cv-00514-RK   Document 1-2   Filed 07/06/18   Page 6 of 14

# Exhibit B

Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

31. In the alternative, the Class may be certified under Rule 52.08(b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

**COUNT I**
**(On Behalf of Plaintiff and the Class for Violations of**
**Missouri's Merchandising Practices Act, Mo. Rev. Stat. §§407.010 *et seq.*)**

32. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendant.

Electronically Filed - Jackson - Independence - May 25, 2018 - 09:33 AM

# Exhibit B

33. Plaintiff and Defendant are "persons" within the meaning of section 407.010(5).

34. Healthcare services are a good.

35. Efforts to maintain the privacy and confidentiality of medical records are part of the healthcare services associated with a good.

36. Maintenance of medical records are "merchandise" within the meaning of section 407.010(4).

37. As set forth herein, Defendant's acts, practices and conduct violate section 407.020(1) in that, among other things, Defendant has used and/or continues to use unfair practices, concealment, suppression and/or omission of material facts in connection with the advertising, marketing, and offering for sale of services associated with healthcare services.

38. Defendant's unfair, unlawful and deceptive acts, practices, and conduct include: (1) representing to its patients that it will not disclose their sensitive personal health information to an unauthorized third party or parties; (2) failing to implement security measures such as securing the records in a safe place; and (3) failing to train personnel. Defendant's conduct violates the MMPA.

39. Defendant's conduct also violates the enabling regulations for the MMPA because it: (1) offends public policy; (2) is unethical, oppressive, and unscrupulous; (3) causes substantial injury to consumers; (4) is not in good faith; (5) is unconscionable; and (6) is unlawful. *See* Mo. Code Regs. Ann. tit. 15, § 60-8.

40. As a direct and proximate result of Defendant's unfair and deceptive acts, Plaintiff and Class members have suffered damages in that they (1) paid more for medical record privacy protections than they otherwise would have, and (2) paid for medical record privacy protections that they did not receive. In this respect, Plaintiff and members of the Class have not received the benefit of their bargain, and have suffered an ascertainable loss.

8

Case 4:18-cv-00514-RK   Document 1-2   Filed 07/06/18   Page 8 of 14

# Exhibit B

WHERERFORE, Plaintiff and Class members seek actual damages; a declaration that Defendant's methods, acts and practices violate the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 *et seq.*; corrective notice to the Class; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages; attorneys' fees and costs; and any other relief that the Court deems necessary or proper.

## COUNT II
### (On Behalf of the Plaintiff and Class for Breach of Fiduciary Duty)

41. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendant.

42. Under Missouri common law, Defendant owed and continues to owe a fiduciary duty of confidentiality to Plaintiff and the Class to maintain the privacy of their medical records and medical information contained therein.

43. Missouri's fiduciary duty of confidentiality is explicated under the procedures set forth in the Health Insurance Portability and Accountability Act Privacy Rule, including, without limitation, the procedures and definitions of 45 C.F.R. § 160.103 and 45 C.F.R. § 164.530 which require a covered entity to apply appropriate administrative, technical, and physical safeguards to protect the privacy of patient records.

44. Under its fiduciary duty, Defendant must institute safeguards to protect the privacy and security of its patients' medical records and the medical information contained in those records.

# Exhibit B

45. Defendant breached its fiduciary duty to Plaintiff and the Class by failing to institute these safeguards and protect the privacy and security of its patients' records and the medical information contained in those records.

46. As a direct result of Defendant's breach of fiduciary duty of confidentiality and the disclosures of its patients' confidential information, Plaintiff and the Class suffered damages, including, without limitation, loss of the benefit of their bargain, loss of privacy, confidentiality, embarrassment, humiliation, loss of enjoyment of life.

47. Defendant's conduct was outrageous because Defendant acted with an evil motive and/or with reckless indifference to the rights of Plaintiff and the Class, thereby entitling Plaintiff and the Class to recover punitive damages from Defendant.

WHERERFORE, Plaintiff and Class members seek actual damages, corrective notice to the Class; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages; and any other relief that the Court deems necessary or proper.

## COUNT III
**(On behalf of Plaintiff and the Class for Breach of Contract)**

48. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendant.

49. In Defendant's Notice of Health Information Practices, it states "Children's Mercy Kansas City recognizes the importance of protecting the privacy of our patients and/or their families … [w]e are required to Keep your health information private." https://www.childrensmercy.org/Privacy/.

Electronically Filed - Jackson - Independence - May 25, 2018 - 09:33 AM

# Exhibit B

50. Defendant's notice constitutes an agreement between Defendant and its patients.

51. Defendant breached its agreement with Plaintiff and the Class by (1) failing to implement security measures to fulfill its agreement with its patients, and (2) failing to implement security measures such as securing medical records and information.

52. Plaintiff and the Class have been damaged by Defendant's breach of its obligations because they paid for privacy protection that they did not receive and because they are now more susceptible to future identify theft and fraudulent activity.

WHERERFORE, Plaintiff and Class members seek actual damages, corrective notice to the Class; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; and any other relief that the Court deems necessary or proper.

### COUNT IV
**(On behalf of Plaintiff and the Class for Negligent Training and Supervision)**

53. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendant.

54. At all times relevant hereto, Defendant owes a duty to Plaintiff and the Class to hire competent employees, and to train and supervise them to ensure they recognize the duties owed to their patients.

55. Defendant breached its duty to Plaintiff and the Class by allowing its employee to post patient information on a website without the patients' authorization.

**Exhibit B**

Electronically Filed - Jackson - Independence - May 25, 2018 - 09:33 AM

56. As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the Class confidential medical information, Plaintiff and the Class suffered damages, including, without limitation, loss of the benefit of their bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, humiliation, loss of enjoyment of life.

WHERERFORE, Plaintiff and Class members seek actual damages, corrective notice to the Class; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages, and any other relief that the Court deems necessary or proper.

### COUNT V
**(On behalf of Plaintiff and the Class for Negligence)**

57. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendant.

58. Defendant owed Plaintiff and the Class a duty to exercise reasonable care in safeguarding and protecting the medical information of its patients. This duty included securing medical records and information at the facility and implementing policies regarding removing patient data out of the facility to secure the medical records and information of Plaintiff and the Class.

59. Defendant breached its duty to exercise reasonable care in protecting the personal information of Plaintiff and the Class by (1) failing to implement security measures to protect the information of Plaintiff and the Class; (2) failing to implement policies regarding taking medical records out of the facility; and (3) failing to implement security measures such as properly securing medical records.

# Exhibit B

60. As a result of Defendant's negligence, Plaintiffs and the Class suffered damages in that they lost the benefit of their bargain and they are now exposed to heightened future risk of identity theft.

WHERERFORE, Plaintiff and Class members seek actual damages, corrective notice to the Class; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages, and any other relief that the Court deems necessary or proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated persons, requests judgment and relief as follows:

1. For an order certifying the proposed Class, and appointing Plaintiff by and through her Next Friend and her counsel of record to represent the proposed Class;

2. For an order declaring that Children's Mercy has violated the Missouri Merchandising Practices Act, codified at Mo. Rev. Stat. §§ 407.010 *et seq.*;

3. For an order declaring that Children's Mercy has violated its fiduciary duties to Plaintiff and the Class.

4. For an order awarding Plaintiff and the Class damages in an amount to be proven at trial, including punitive damages, together with pre-trial and post-trial interest ;

5. For an order awarding Plaintiff and the Class restitution, disgorgement, or other equitable relief as the Court deems proper, including corrective notice;

6. For an order enjoining Children's Mercy from continuing to engage in the unlawful business practices alleged herein; and

# Exhibit B

7.  For an order awarding Plaintiff and the Class reasonable attorneys' fees and costs of suit, including expert witness fees.

## JURY DEMAND

Plaintiff, on behalf of herself and all similarly situated persons, demands a trial by jury on all issues that are triable to a jury.

        Respectfully submitted,

        **MCSHANE & BRADY LLC**

By: /s/ Maureen M. Brady
     Maureen M. Brady, MO Bar No. 57800
     Lucy McShane, MO Bar No.57957
     MCSHANE & BRADY, LLC
     1656 Washington, Suite 120
     Kansas City, Missouri 64108
     Telephone:   (816) 888-8010
     Facsimile:   (816) 332-6295
     mbrady@mcshanebradylaw.com
     lmcshane@mcshanebradylaw.com

-and-

**HOLMAN SCHIAVONE LLC**

By: /s/ Anne Schiavone
     Anne Schiavone, MO #49349
     4600 Madison, Ste 810
     Kansas City, MO 64111
     Telephone:   (816) 283-8738
     Facsimile:   (816) 283-8739
     aschiavone@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**