# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| K.A., by and through her Next Friend B.W. individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>　v.<br><br>CHILDREN'S MERCY HOSPITAL,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:18-cv-514 |

## DEFENDANT'S ANSWER

Defendant Children's Mercy Hospital ("CMH") answers Plaintiffs' Petition as follows:

1. CMH is without sufficient information to admit or deny this allegation and therefore denies the same.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this federal forum. The remaining allegations in Paragraph 4 are denied.

5. CMH is without sufficient information to admit or deny that Plaintiff resides in Independence, Jackson County, Missouri, and therefore denies the same. The remaining allegations in Paragraph 5 are admitted.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. CMH admits that its address is 2401 Gillham Road, Kansas City, Jackson County, Missouri. The remaining allegations in Paragraph 6 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

7. CMH admits that it generates and stores patient medical records and information. The remaining allegations in Paragraph 7 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

8. CMH is without sufficient information to admit or deny this allegation and therefore denies the same.

9. Denied.

10. CMH admits that it posts its "Notice of Privacy Practices" on its website. CMH denies that the text contained in Paragraph 10 displays at the webpage URL in Paragraph 10. CMH further denies that the information contained in Paragraph 10 is a complete and accurate description of CMH's Notice of Privacy Practices.

11. CMH admits that an employee placed certain information on a website (not owned or authorized by CMH). The remaining allegations in Paragraph 11 are denied.

12. CMH admits that the categories of information on the website were: first and/or last name, medical record number, gender, date of birth, encounter number, age, height, weight, body mass index, admission date, discharge date, procedure date, diagnostic and procedure codes, and brief notes. The remaining allegations in Paragraph 12 are denied.

13. CMH admits that it sent letters to all individuals potentially impacted by the breach. CMH is without sufficient information to admit or deny whether Plaintiff is one of these individuals and whether she received a letter, and therefore denies the same.

14. The allegations in Paragraph 14 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

16. CMH admits that it suffered a breach in June 2015. The remaining allegations in Paragraph 16 are denied.

17. CMH admits that the June 2015 breach was the subject of litigation in the matter cited by Plaintiff. The remaining allegations in Paragraph 17 are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## **CLASS ACTION ALLEGATIONS**

23. CMH admits that Plaintiff purports to bring an action on behalf of herself and the putative class described in Paragraph 23. CMH specifically denies that any class is proper and further denies that any relief is due to Plaintiff or to any putative class member.

24. CMH admits that Plaintiff purports to exclude from the putative class the individuals described in Paragraph 23. CMH specifically denies that any class is proper and further denies that any relief is due to Plaintiff or to any putative class member.

25. Denied.

26. Denied.

27. The allegations in Paragraph 27 are denied, including each of its subparts.

28. Denied.

29. Denied.

30. Denied.

31. The allegations in Paragraph 31 are denied, including each of its subparts.

## COUNT I
**(On Behalf of Plaintiff and the Class for Violations of Missouri's Merchandising Practices Act, Mo. Rev. Stat. §§407.010 *et seq.*)**

32. CMH incorporates by reference and reasserts all responses to the preceding paragraphs as if fully stated herein.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

34. The allegations in Paragraph 34 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

35. The allegations in Paragraph 35 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

36. The allegations in Paragraph 36 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

37. The allegations in Paragraph 37 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

38. Denied. Further, several allegations in Paragraph 38 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

39. Denied. Further, several allegations in Paragraph 39 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

40. Denied. Further, several allegations in Paragraph 40 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

CMH denies every allegation and request for relief contained in Plaintiff's "WHEREFORE" clause. CMH specifically denies that any relief is proper for Plaintiff or any putative class member.

## COUNT II
**(On Behalf of the Plaintiff and Class for Breach of Fiduciary Duty)**

41. CMH incorporates by reference and reasserts all responses to the preceding paragraphs as if fully stated herein.

42. The allegations in Paragraph 42 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

43. The allegations in Paragraph 43 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

44. The allegations in Paragraph 44 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

45. Denied.

46. Denied.

47. Denied.

CMH denies every allegation and request for relief contained in Plaintiff's "WHEREFORE" clause. CMH specifically denies that any relief is proper for Plaintiff or any putative class member.

## COUNT III
**(On behalf of Plaintiff and the Class for Breach of Contract)**

48. CMH incorporates by reference and reasserts all responses to the preceding paragraphs as if fully stated herein.

49. CMH denies that the quoted language appears at the URL cited in Plaintiff's Petition.

50. Denied.

51. Denied.

52. Denied.

CMH denies every allegation and request for relief contained in Plaintiff's "WHEREFORE" clause. CMH specifically denies that any relief is proper for Plaintiff or any putative class member.

## COUNT IV
**(On behalf of Plaintiff and the Class for Negligent Training and Supervision)**

53. CMH incorporates by reference and reasserts all responses to the preceding paragraphs as if fully stated herein.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

55. Denied.

56. Denied.

CMH denies every allegation and request for relief contained in Plaintiff's "WHEREFORE" clause. CMH specifically denies that any relief is proper for Plaintiff or any putative class member.

## COUNT V
### (On behalf of Plaintiff and the Class for Negligence)

57. CMH incorporates by reference and reasserts all responses to the preceding paragraphs as if fully stated herein.

58. The allegations in Paragraph 58 are legal conclusions to which no response is required; to the extent any response is required, the allegations are denied.

59. Denied.

60. Denied.

CMH denies every allegation and request for relief contained in Plaintiff's "WHEREFORE" clause. CMH specifically denies that any relief is proper for Plaintiff or any putative class member.

## REQUEST FOR RELIEF

CMH denies every allegation and request for relief contained in Plaintiff's "WHEREFORE" clause and in her "REQUEST FOR RELIEF" section of her Petition, including each of its separate subparts. CMH specifically denies that any relief is proper for Plaintiff or any putative class member.

## JURY DEMAND

CMH demands a jury trial on issues that are so triable.

## GENERAL DENIAL

CMH denies any and all further allegations not specifically addressed in its Answer and denies that Plaintiff states any valid claim against it. CMH denies that Plaintiff or any putative class member is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. To the extent Plaintiff has incurred any recoverable damages, he has failed to mitigate those damages.

3. To the extent plaintiff's breach of contract claim asserts an implied contract, that theory is barred by the statute of frauds.

4. Plaintiff's claim for breach of contract is barred due to a lack of consideration.

5. Plaintiff's negligence claim is barred by the economic loss doctrine.

6. Plaintiff's claim for negligence is barred, in whole or in part, by Plaintiff's own contributory and comparative negligence.

7. Plaintiff's claim for negligence is barred, in whole or in part, by the contributory negligence of other individuals and entities.

8. Plaintiff's claims are barred by the doctrine of intervening cause and as a result of an intervening criminal act.

9. Plaintiff fails to properly plead any damages.

Dated this 6th day of July, 2018.　　　　　　　　Respectfully submitted,

/s/ Martin M. Loring
MARTIN M. LORING　　　　　MO# 29712
MICHAEL T. RAUPP　　　　　MO# 65121
MICHAEL R. OWENS　　　　　MO# 67002
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
martin.loring@huschblackwell.com
michael.raupp@huschblackwell.com
michael.owens@huschblackwell.com

CASIE D. COLLIGNON  *pro hac vice pending*
MATTHEW C. BAISLEY *pro hac vice pending*
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
Telephone (303) 861-0600
Facsimile (303) 861-7805
ccollignon@bakerlaw.com
mbaisley@bakerlaw.com

**ATTORNEYS FOR DEFENDANT
CHILDREN'S MERCY HOSPITAL**

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, a true and correct copy of the foregoing was served via United States mail, postage prepaid, upon:

Maureen M. Brady
Lucy McShane
MCSHANE & BRADY, LLC
1656 Washington, Suite 120
Kansas City, Missouri 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

Anne Schiavone
HOLMAN SCHIAVONE LLC
4600 Madison, Suite 810
Kansas City, MO 64111
Telephone: (816) 283-8738
Facsimile: (816) 283-8739
aschiavone@hslawllc.com

**ATTORNEYS FOR PLAINTIFFS**

and I also filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Martin M. Loring
**Attorney for Defendant**