# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

K.A., by and through her Next Friend B.W.

and

G.W., by and through her Next Friend K.W.

and

D.B., by and through his Next Friend A.B.

Plaintiffs,

v.  Case No. 4:18-CV-514-RK

CHILDREN'S MERCY HOSPITAL,

Defendant.

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff K. A., by and through her Natural Mother and Next Friend B.W., and Plaintiff G.W. by and through her Natural Father and Next Friend K.W., and Plaintiff D.B. by and through his Natural Mother and Next Friend A.W. (collectively "Plaintiffs"), submits the following First Amended Complaint against Defendant Children's Mercy Hospital ("Defendant" or "Children's Mercy"). In support of their First Amended Complaint, Plaintiffs respectfully submits the following:

## PARTIES

1. Plaintiff K.A. is a minor child who resides with her Natural Mother and Next Friend B.W. in Independence, Jackson County, Missouri.

2. Plaintiff G.W. is a minor child who resides with her Natural Father and Next Friend K.W. in Kansas City, Jackson County, Missouri.

1

3. Plaintiff D.B. is a minor child who resides with his Natural Mother and Next Friend in Overland Park, Johnson County, Kansas.

4. Defendant Children's Mercy Hospital is a health care provider operating in and organized under the laws of the state of Missouri with its principal place of business at 2401 Gillham Road, Kansas City, Missouri 64108.

5. Defendant Children's Mercy can be served through its Registered Agent: Registered Agent LTD, 2345 Grand Blvd., Suite 2800, Kansas City, MO 64108.

## JURISDICTION AND VENUE

6. This Court has general jurisdiction under Mo. Rev. Stat. § 478.220.

7. Venue is proper in Independence, Jackson County, Missouri because Plaintiff resides in Independence, Jackson County, Missouri; Defendant's principal place of business is in Jackson County, Missouri; and the events complained of herein took place in Jackson County, Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Defendant is a health care provider pursuant to state and federal law, providing health care and medical services to the general public. Defendant operates a healthcare facility at 2401 Gillham Road, Kansas City, Jackson County, Missouri.

9. As a health care provider, Defendant generates and stores patient medical records and information.

10. Patient medical records, including Plaintiff's medical records, contain highly sensitive and personal information concerning patients' care, treatment, and identification.

11. Defendant is required to maintain the strictest privacy and confidentiality of patient medical records.

12. Defendant posts its privacy practices online, stating:

> **Our Responsibilities**
> Children's Mercy Hospital is required to:
>
> - Keep your child's health information private
> - Provide you with a notice (this document) of the hospital's legal duties and privacy practices with respect to information it collects and maintains about your child
> - Follow the terms of this notice
> - Notify you if the hospital is unable to agree to a limit requested by you on the use or disclosure of your child's health information
> - Try to meet reasonable requests you may have to communicate health information by other means or at other locations
>
> The hospital reserves the right to change its practices and to be sure the new practices keep all health information safe. Should the hospital's health information practices change, it will post a revised notice on its web page (www.childrensmercy.org <>), throughout its facilities, and will have copies available for you to take with you. The hospital will apply any changes to all health information regardless of when created or received.
>
> The hospital will not use or disclose your child's health information without your or your child's permission, except as described in this notice or allowed by law

https://www.childrensmercy.org/HealthInformationPractices/

13. On or about March 2017 a website, owned and maintained by Defendant Children's Mercy Hospital, was created by an employee of Defendant without the authorization of Plaintiffs.

14. According to Defendant, the information contained on the website includes, but is not limited to, patients' names, dates of birth, phone numbers, appointment dates, medical records, account numbers, and diagnoses.

15. On or about May 19, 2017, several months after the breach, Plaintiffs received a letter from Defendant notifying her of the breach.

16. Defendant has a duty to its patients to protect them from wrongful disclosures.

17. As a health care provider, Defendant is required to train and supervise its employees regarding the policies and procedures as well as the State and Federal laws for safeguarding patient information.

18. On or about June 23, 2015, over two years before the allegations in this lawsuit, Defendant had a similar breach involving the wrongful disclosure of patient records.

19. The June 2015 disclosure was the subject of litigation in the Circuit Court of Jackson County, Missouri, in a case styled, *F.T. by and through her Next Friend C.T., et al. v. Children's Mercy Hospital*, Case No. 1616-CV01466.

20. The *F.T.* suit had similar issues to the instant matter and the allegations focused on Defendant's failure to take affirmative steps to protect against further disclosure.

21. In the instant case, Defendant failed to take any affirmative steps to secure its patients' privacy and prevent its employees unauthorized access to patient records and posting of the same on the world wide web.

22. As a result of the breach, Plaintiffs are at a heightened risk for future identity theft.

23. Moreover, because of Defendant's conduct, Plaintiffs have been harmed in that they (1) paid more for privacy and confidentiality than they otherwise would have, and (2) paid for privacy protections that they did not receive. In that respect, Plaintiffs have not received the benefit of their bargain and have suffered an ascertainable loss.

24. Additionally, because of Defendant's conduct, Plaintiffs have been harmed in that Defendant has breached its common law fiduciary duty of confidentiality owed to Plaintiffs.

## COUNT I
**(Violations of Missouri's Merchandising Practices Act, Mo. Rev. Stat. §§407.010 *et seq.*)**

25. Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein. Plaintiffs assert this cause of action against Defendant.

26. Plaintiffs and Defendant are "persons" within the meaning of section 407.010(5).

27. Healthcare services are a good.

4

28. Efforts to maintain the privacy and confidentiality of medical records are part of the healthcare services associated with a good.

29. Maintenance of medical records are "merchandise" within the meaning of section 407.010(4).

30. As set forth herein, Defendant's acts, practices and conduct violate section 407.020(1) in that, among other things, Defendant has used and/or continues to use unfair practices, concealment, suppression and/or omission of material facts in connection with the advertising, marketing, and offering for sale of services associated with healthcare services.

31. Defendant's unfair, unlawful and deceptive acts, practices, and conduct include: (1) representing to its patients that it will not disclose their sensitive personal health information to an unauthorized third party or parties; (2) failing to implement security measures such as securing the records in a safe place; and (3) failing to train personnel. Defendant's conduct violates the MMPA.

32. Defendant's conduct also violates the enabling regulations for the MMPA because it: (1) offends public policy; (2) is unethical, oppressive, and unscrupulous; (3) causes substantial injury to consumers; (4) is not in good faith; (5) is unconscionable; and (6) is unlawful. *See* Mo. Code Regs. Ann. tit. 15, § 60-8.

33. As a direct and proximate result of Defendant's unfair and deceptive acts, Plaintiffs have suffered damages in that they (1) paid more for medical record privacy protections than they otherwise would have, and (2) paid for medical record privacy protections that they did not receive. In this respect, Plaintiffs have not received the benefit of their bargain, and have suffered an ascertainable loss.

WHEREFORE, Plaintiffs seek actual damages; a declaration that Defendant's methods, acts and practices violate the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 *et*

*seq.*; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages; attorneys' fees and costs; and any other relief that the Court deems necessary or proper.

## COUNT II
**(Breach of Fiduciary Duty)**

34. Plaintiffs incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiffs assert this cause of action against Defendant.

35. Under Missouri common law, Defendant owed and continues to owe a fiduciary duty of confidentiality to Plaintiffs to maintain the privacy of their medical records and medical information contained therein.

36. Missouri's fiduciary duty of confidentiality is explicated under the procedures set forth in the Health Insurance Portability and Accountability Act Privacy Rule, including, without limitation, the procedures and definitions of 45 C.F.R. § 160.103 and 45 C.F.R. § 164.530 which require a covered entity to apply appropriate administrative, technical, and physical safeguards to protect the privacy of patient records.

37. Under its fiduciary duty, Defendant must institute safeguards to protect the privacy and security of its patients' medical records and the medical information contained in those records.

38. Defendant breached its fiduciary duty to Plaintiffs by failing to institute these safeguards and protect the privacy and security of its patients' records and the medical information contained in those records.

39. As a direct result of Defendant's breach of fiduciary duty of confidentiality and the disclosures of its patients' confidential information, Plaintiffs suffered damages, including,

6

without limitation, loss of the benefit of their bargain, loss of privacy, confidentiality, embarrassment, humiliation, loss of enjoyment of life.

40. Defendant's conduct was outrageous because Defendant acted with an evil motive and/or with reckless indifference to the rights of Plaintiffs, thereby entitling Plaintiffs to recover punitive damages from Defendant.

WHEREFORE, Plaintiffs seek actual damages; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages; and any other relief that the Court deems necessary or proper.

## COUNT III
### (Negligent Training and Supervision)

41. Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein. Plaintiffs assert this cause of action on behalf of the Class against Defendant.

42. At all times relevant hereto, Defendant owes a duty to Plaintiffs to hire competent employees, and to train and supervise them to ensure they recognize the duties owed to their patients.

43. Defendant breached its duty to Plaintiffs by allowing its employee to post patient information on a website without the patients' authorization.

44. As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiffs' confidential medical information, Plaintiffs suffered damages, including, without limitation, loss of the benefit of their bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, humiliation, loss of enjoyment of life.

WHEREFORE, Plaintiffs seek actual damages; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages, and any other relief that the Court deems necessary or proper.

## COUNT IV
**(Class for Negligence)**

45. Plaintiffs incorporate by reference and re-alleges all paragraphs previously alleged herein. Plaintiffs assert this cause of action against Defendant.

46. Defendant owed Plaintiffs a duty to exercise reasonable care in safeguarding and protecting the medical information of its patients. This duty included securing medical records and information at the facility and implementing policies regarding removing patient data out of the facility to secure the medical records and information of Plaintiffs.

47. Defendant breached its duty to exercise reasonable care in protecting the personal information of Plaintiffs by (1) failing to implement security measures to protect the information of Plaintiffs; (2) failing to implement policies regarding taking medical records out of the facility; and (3) failing to implement security measures such as properly securing medical records.

48. As a result of Defendant's negligence, Plaintiffs suffered damages in that they lost the benefit of their bargain and they are now exposed to heightened future risk of identity theft.

WHERERFORE, Plaintiffs seek actual damages; an injunction prohibiting Defendant from continuing to engage in such unlawful methods, acts, and practices; restitution; rescission; disgorgement of all profits obtained from Defendant's unlawful conduct; pre and post-judgment interest; punitive damages, and any other relief that the Court deems necessary or proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request judgment and relief as follows:

49. For an order declaring that Children's Mercy has violated the Missouri Merchandising Practices Act, codified at Mo. Rev. Stat. §§ 407.010 *et seq.*;

50. For an order declaring that Children's Mercy has violated its fiduciary duties to Plaintiffs.

51. For an order awarding Plaintiffs damages in an amount to be proven at trial, including punitive damages, together with pre-trial and post-trial interest ;

52. For an order awarding Plaintiffs restitution, disgorgement, or other equitable relief as the Court deems proper, including corrective notice;

53. For an order enjoining Children's Mercy from continuing to engage in the unlawful business practices alleged herein; and

54. For an order awarding Plaintiffs reasonable attorneys' fees and costs of suit, including expert witness fees.

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues that are triable to a jury.

Respectfully submitted,

*/s/ Maureen M. Brady*

---

Maureen M. Brady     MO#57800
Lucy McShane         MO#57957
MCSHANE & BRADY, LLC
1656 Washington, Ste. 120
Kansas City, MO 64108
Phone: (816) 888-8010
Fax: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

-and-

Anne Schiavone    MO#49349
Brandon Corl      MO#58725
Wade Schilling    MO#67235
HOLMAN SCHIAVONE, LLC
4600 Madison, Ste. 810
Kansas City, MO 64111
Telephone (816) 283-8738
Facsimile (816) 283-8739
Email: aschiavone@hslawllc.com
      bcorl@hslawllc.com
      wschilling@hslawllc.com
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above and foregoing was served via Casenet, mailed, emailed, and/or faxed this 18th day of March 2019, to:

Martin M. Loring    MO#29712
Michael T. Raupp    MO#65121
Michael R. Owens    MO#67002
HUSCH BLACKWELL LLP
4801 Main St. Ste 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 939-8080
Email: martin.loring@huschblackwell.com
       Michael.raupp@huschblackwell.com
       Michael.owens@huschblackwell.com
**ATTORNEYS FOR DEFENDANT**


Casie D. Collignon    *pro hac vice*
Matthew C. Baisley    *pro hac vice*
BAKER & HOSTETLER, LLP
1801 California St. Ste 4400
Denver, CO 80202
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
Email: ccollignon@bakerlaw.com
       mbaisley@bakerlaw.com
**ATTORNEYS FOR DEFENDANT**

*/s/ Maureen M. Brady*

       **ATTORNEY FOR PLAINTIFF**